IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK R. WELLMAN, | : | |
| | : | Case No. 2:17-cv-391 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| SUPREME COURT OF OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on the following motions: Plaintiff Mark Wellman's Motion to Disqualify the Ohio Attorney General from Participation in the Case (ECF No. 21); the Motion to Dismiss of Defendants John Hock and Kelly Hock (ECF No. 7); the Motion to Dismiss of Defendants Roy Huffer and Robert Huffer (ECF No. 12, 13); the Motion to Dismiss of the Ohio Fourth District Court of Appeals and the Supreme Court of Ohio (ECF No. 14); the Motion to Dismiss of the Pickaway County Court of Common Pleas (ECF No. 15); the Hock Defendants' Motion for Sanctions (ECF No. 17); and Mr. Wellman's Motion for a Scheduling Order (ECF No. 24). For the following reasons, the Court **DENIES** the Motion to Disqualify the Attorney General (ECF No. 21); **GRANTS** Defendants' Motions to Dismiss (ECF No. 7, 12, 13, 14, 15); **DENIES** the Motion for Sanctions (ECF No. 17); and finds the Motion for Scheduling Order **MOOT** (ECF No. 24).

### I.  BACKGROUND

#### A.  Factual Background

This case arises out of an underlying action for foreclosure on Plaintiff Mark Wellman's home in Circleville, Ohio. Mr. Wellman claims that he attempted payment on his mortgage, but that his house was nevertheless foreclosed upon in the early 2000s. (ECF No. 1 at 3–4). Mr.

1

Wellman, through counsel, contested the foreclosure, arguing that the foreclosing bank, National City Mortgage Company, had not received assignment of the note and mortgage and therefore lacked standing to foreclose on the property. (*Id.* at 4–5). It is impossible to discern the precise outcome of this litigation from the face of the Complaint, but it appears that the results were adverse to Mr. Wellman, as he now alleges claims under 42 U.S.C. § 1983 and the Racketeer Influenced Corrupt Organizations Act (RICO) against the Pickaway Court of Common Pleas, the Ohio Fourth District Court of Appeals, and the Ohio Supreme Court. (*Id.* at 1). Specifically, he argues that the Defendant Courts were biased against him as a pro se litigant. (*Id.* at 6–7).

Mr. Wellman also alleges that his then-attorney, Robert W. Huffer, improperly filed a lien on the Wellman property while representing Mr. Wellman in his foreclosure proceedings. (*Id.* at 8–9). Finally, Mr. Wellman makes oblique reference to a scheme in which Robert Huffer's brother, Roy Huffer, traded his own legal services to Mr. Wellman in exchange for 10 percent of the proceeds from a "heat pump" that Mr. Wellman had invented. (*Id.* at 9). Later, Robert also got in on the heat pump deal, purchasing 4 percent of the proceeds from Mr. Wellman and 3 percent of Roy's 10 percent share. (*Id.*). It is unclear how these transactions are related to the underlying foreclosure action, but Mr. Wellman appears to allege that they are the locus of a civil conspiracy against him. (*Id.*).

### B. Procedural Background

Mr. Wellman filed a Complaint against several courts in the State of Ohio: the Pickaway County Court of Common Pleas, the Ohio Fourth District Court of Appeals, and the Supreme Court of Ohio. (ECF No. 1). He also names as Defendants his former attorney, Robert Huffer, and Robert Huffer's brother—and co-investor in Mr. Wellman's heat pump invention—Roy Huffer. (*Id.*) Finally, he names as Defendants his sister, Kelly Hock, and her brother John Hock.

(*Id.*). Each named defendant has filed a motion to dismiss Mr. Wellman's claims. (ECF No. 7, 12, 13, 14, 15).

## II.    STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A *pro se* litigant's allegations are held to a less stringent standard than those in pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, courts are unwilling to "abrogate basic pleading essentials in *pro se* suits." *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases).

## III. ANALYSIS

### A. Motion to Disqualify Ohio Attorney General

Mr. Wellman's most recent motion presents a threshold issue for this Court's consideration: should the Ohio Attorney General be disqualified from representing the Ohio Judicial System Defendants? (ECF No. 21). In particular, Mr. Wellman appears to argue that there exists a tension between the Ohio Attorney General's representation of the Ohio Supreme Court and Ohio Fourth District Court of Appeals in this case and its duty to "investigate criminal behavior on the part of those drawing state-paid salaries." (ECF No. 23).

Although District Courts have discretion to disqualify counsel for unethical behavior, "[d]ue to the seriousness of depriving a party of the counsel of his choice, an attorney should only be disqualified 'when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice.'" *Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-00400, 2010 WL 1610818, at *2 (S.D. Ohio Apr. 20, 2010) (quoting *United States v. Kitchin,* 592 F.2d 900, 903 (5th Cir.1979)). When adjudicating a Motion to Disqualify the Office of the Attorney General, "[a]bsent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, [a] Court has no power to prevent the Attorney General from representing defendants and plaintiffs have no standing to challenge that representation." *Rouse v. Caruso*, No. 06-CV-10961-DT, 2007 WL 209919, at *1 (E.D. Mich. Jan. 24, 2007), *aff'd,* No. CIV 06-10961, 2007 WL 909578 (E.D. Mich. Mar. 23, 2007) (citing *O'Connor v. Jones,* 946 F.2d 1395, 1399-1400 (8th Cir.1991); *Manchester v. Rzewinicki,* 777 F.Supp. 319, 325, 328 (D.Del. 1991), *aff'd,* 958 F.2d 364 (3d Cir. 1992); 7 Am. Jur. 2d *Attorney General* § 24 (1997) ("It is generally

acknowledged that the attorney general is the proper party to determine the necessity and advisability . . . of defending actions against the state or its officials [.]").

Here, no such conflict is alleged. Mr. Wellman marshals neither law nor fact that would lead this Court to conclude that there is a reasonable possibility that some specifically identifiable impropriety accompanied the Ohio Attorney General's representation of the State Defendants. As this Court has previously concluded, under such circumstances, "the Court will not disqualify a party's chosen counsel." *Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-00400, 2010 WL 1610818, at *2 (S.D. Ohio Apr. 20, 2010). "If counsel could be disqualified under these conditions it would be all too easy for opposing parties to harass each other." *Id.* (citing *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991)). The Motion to Disqualify is therefore **DENIED**.

### B. Motion to Dismiss Claims Against Hock Defendants

Next, Defendants John and Kelly Hock move to dismiss Mr. Wellman's claims against them on the basis that the Complaint states only a single, conclusory allegation; to wit: "It appears that the Huffers conspired with Mark's sister [Kelly Hock] and their buddy Judge Knece." (ECF No. 7). This bare statement does not "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable theory." *Doe v. Steubenville Police Dep't*, No. 2:16-CV-625, 2017 WL 1551221, at *3 (S.D. Ohio May 1, 2017) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). Such an allegation is therefore simply insufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, speculation is baked into the claim:

even if it were true, the mere *appearance* of conspiring does not a conspiracy make. The Hock Defendants' Motion to Dismiss is therefore **GRANTED**.

### C. Motions to Dismiss Claims Against Huffer Defendants

Although Defendants Robert and Roy Huffer submit separate motions to dismiss, the argument contained therein is identical: Plaintiff has not pled sufficient facts to support this Court's exercise of jurisdiction or to state a claim upon which relief can be granted (ECF No. 12, 13).

Mr. Wellman's claim against the Huffer Defendants is one of civil conspiracy—an action recognized in Ohio law. The elements of a civil conspiracy claim are: "(1) a malicious combination; (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself." *Stillwagon v. City of Delaware*, 274 F. Supp. 3d 714, 779 (S.D. Ohio 2017) (quoting *Cantleberry v. Holbrook*, 5th Dist. No. 12CA75, 2013-Ohio-2675, ¶ 22, 2013 WL 3280023). "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Id.* (quoting *Morrow v. Reminger & Reminger Co.*, L.P.A., 183 Ohio App. 3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 40 (10th Dist.)).

Mr. Wellman alleges no facts that, even if taken as true, would cause this Court to infer that all elements of a civil conspiracy claim could be satisfied. Most notably, Mr. Wellman *only* alleges that the Huffer Defendants engaged in a civil conspiracy, not that they committed an unlawful act independent from the conspiracy. Without allegations of an underlying tort, the

civil conspiracy claim fails as a matter of law. The Motion to Dismiss the Claim Against Roy Huffer (ECF No. 12) and Robert Huffer (ECF No. 13) are therefore **GRANTED**.[1]

### D. Motion to Dismiss Claims Against Defendants Ohio Fourth District Court of Appeals and Supreme Court of Ohio

The Court next considers the Motion to Dismiss Claims Against Defendants Ohio Fourth District Court of Appeals and Supreme Court of Ohio. (ECF No. 14).

Mr. Wellman's cause of action sounding in 42 U.S.C. § 1983 cannot succeed against any state court entity because "[a] state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute*." Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).

Nor can Mr. Wellman succeed on his other claims. The State of Ohio—a governmental entity which includes all of Ohio's state courts—"is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution." *Id.* at 270. However, "[i]n *Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court carved out an exception to the States' constitutional immunity from suit, one that permits federal courts to enjoin state officials from the future enforcement of state legislation that violates federal law." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). "Under the exception, 'a federal court's remedial power . . . is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury.'" *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (citations omitted)). Mr. Wellman argues that the relief he requests falls under this exception. (ECF No. 16 at 2–7).

---

[1] The Court therefore need not analyze whether Plaintiff pled sufficient facts for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over his claims grounded in state law.

This argument is unavailing. Although Mr. Wellman claims he is not seeking damages from the state court entities, that concession is insufficient to bring his case under the exception to the Eleventh Amendment in *Ex parte Young* because he still seeks retroactive relief—namely, relief from the adverse decisions in his foreclosure litigation.[2] This Court therefore lacks jurisdiction to consider Mr. Wellman's claims and consequently **GRANTS** the Motion to Dismiss.[3] (ECF No. 14).

### E. Motion to Dismiss Claims Against Defendant Pickaway County Court of Common Pleas

The final pending Motion to Dismiss is that of the Pickaway County Court of Common Pleas. (ECF No. 15). For the reasons articulated in Part D, *supra*, Mr. Wellman's claims against Ohio state courts cannot succeed and the Motion to Dismiss is **GRANTED**.

### F. Motion for Imposition of Rule 11 Sanctions

Defendants John Hock and Kelly Hock also ask that this Court levy sanctions against Mr. Wellman under Rule 11(b) of the Federal Rules of Civil Procedure. (ECF No. 8). Rule 11(b) provides that when a party files any pleading, motion, or other document with the Court, the party certifies that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[2] To the extent Mr. Wellman now purports to represent the interests of all future pro se litigants in Ohio state courts, his Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because his Complaint articulates only his own grievances and seeks redress only for his own grievances and therefore fails to state a class-wide claim.

[3] Even if this Court had jurisdiction, Mr. Wellman's conclusory allegations against the state courts are insufficient to state a claim because they are based on pure speculation. (*See* ECF No. 1 at 7 "Plaintiff suspects that the outcomes in both cases (and many others) would have been different if Plaintiffs had been represented by licensed counsel *or* if the Ohio state court judges had been doing their jobs. . . .").

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;....

FED. R. CIV. P. 11(b)(1)-(3).

The Rule was adopted to "require litigants to 'stop-and-think' before initially making legal or factual contentions." FED. R. CIV. P. 11 advisory committee notes (1993 Amendments). The focus of the rule is narrow, concerned only with whether the litigant believes "on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose" at the time that the paper is signed. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

As the preceding analysis makes clear, the Court finds that the claims in Mr. Wellman's Complaint are totally devoid of merit. However, at present, the Court sees reason to doubt neither Mr. Wellman's motivation for filing the Complaint nor his assertion that he wrote the Complaint "to the best of his ability." (ECF No. 17 at 2). The Court therefore **DENIES** the Motion (ECF No. 8) and declines to issue sanctions.

### G. Motion to Set Scheduling Order

In light of the above, all claims have been dismissed. The Motion to Set Scheduling Order (ECF No. 24) is therefore **MOOT.**

### IV. CONCLUSION

The Motion to Disqualify the Attorney General is **DENIED** (ECF No. 21); Defendants' Motions to Dismiss Are **GRANTED** (ECF No. 7, 12, 13, 14, 15); the Motion for Sanctions is

9

**DENIED** (ECF No. 17); and the Motion for Scheduling Order is **MOOT** (ECF No. 24). This case is hereby **DISMISSED** in its entirety.

      **IT IS SO ORDERED.**

                                                    s/Algenon L. Marbley  
                                              **ALGENON L. MARBLEY**  
                                              **UNITED STATES DISTRICT JUDGE**

**DATED:   March 14, 2018**